■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAVIER MERCADO, Appellant.— Judgment, Supreme Court, New York County, rendered October 23, 1973, convicting defendant after a nonjury trial of two counts of criminal possession of a dangerous drug in the third degree, and one count of possession of a weapon as a misdemeanor, and sentencing him to concurrent terms of one year on the weapons charge and up to nine years on each of the drug charges, reversed, on the law, the motion to controvert granted, and the indictment dismissed. Prior to trial defendant moved to controvert the search warrant and after a hearing the motion was denied. The search warrant was issued upon the affidavit of a police officer who stated therein that he had obtained information from a reliable informant who had given information in the past, leading to two seizures of narcotics from two different individuals. The informant stated that he had spoken to a third party who claimed to have been in the defendant's apartment in order to collect $2,000 on behalf of his (the third party's) father, which amount of money represented the father's share in a purchase of a quarter kilo of cocaine. That third individual, who was unknown to the police officer, allegedly observed defendant in possession of over one pound of cocaine. Additionally, the defendant allegedly gave the third individual a sample of the cocaine, which was turned over to the informant, who in turn gave it to the police officer. The affidavit further indicated that the third party's father was the subject of independent investigations by narcotic divisions and was believed to be a large scale dealer. It was also stated that the records showed that defendant had two prior arrests, one for homicide and one for possession of dangerous drugs. Finally, it was stated that the informant had, three months previously, personally observed cocaine and guns in defendant's apartment. We find that the affidavit was patently deficient and failed to establish probable cause to believe that defendant was then in possession of drugs. Although an officer in his affidavit in support of a warrant may rely upon hearsay information obtained from an informer, the affidavit must show "(1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability of credibility to allow the search of the premises or person in question." `(People v. Hendricks*, 25 N Y 2d 129, 133.) These standards were not met by the affidavit herein. Although the police officer's informant was demonstrated to be reliable (see *United States v. Harris*, 403 U. S. 573), the information related by him was not based upon his own personal observation. The fact that he had seen drugs in the apartment three months earlier, had little, if any relevance, to whether defendant presently possessed drugs. (Cf. *People v. Beshany*, 43 Misc 2d 521.) And in any event, that statement was too vague to be of value since it failed to set forth any of the details relating to such observation. Additionally, while the informant turned over a quantity of cocaine to the officer, the source of such drugs depended on the authenticity of the third party's story. Therefore, the affidavit supporting the search warrant was not based upon facts actually known to the informant, but was in reality based upon a story related by an individual who was completely unknown to the officer, and whose reliability as such was clearly not demonstrated. Nor was there any independent verification of the third party's tale which would tend to establish its authenticity and his reliability. The only independent investigation taken by the officer estab-

lished merely that the third party's father was under investigation and that appellant had two prior arrests. Those facts, however, had no bearing on whether the third party had actually been in the apartment and made the observation he alleged or that he obtained the sample of drugs from this defendant. The totality of all the factual statements set forth in the affidavit fell far short of establishing probable cause, and accordingly, the motion to controvert should have been granted and the indictment dismissed. Concur — Markewich, J. P., Nunez, Tilzer and Lane, JJ.; Kupferman, J., dissents in the following memorandum: The United States Supreme Court in *Henry* v. *United States* (361 U. S. 98, 104) clearly stated: "an arrest is not justified by what the subsequent search discloses. Under our system suspicion is not enough for an officer to lay hands on a citizen. It is better, so the Fourth Amendment teaches, that the guilty sometimes go free than that citizens be subject to easy arrest." Nevertheless, we cannot close our eyes to the fact that subsequent events prove the point. At the very least, we should examine the situation carefully to see whether the constitutional safeguards are really undermined by the procedure that was used in order to facilitate the criminal investigation. The majority opinion fairly states the facts in this situation as far as it goes, but it ignores salient points and applies relevant law in simplistic fashion. The only real objection to the underlying affidavit by police officer Sergeant Frank Trefcer for the search warrant was that a portion of the information was based on double hearsay. In other words, the police officer's affidavit states that an undisclosed reliable informant quoted a named third party as to the information with respect to drugs in the apartment of the defendant. The majority brushes aside the fact that the informant is also quoted as having been in the apartment and having made his own observation as to drugs some three months earlier. It also ignores the fact that the police officer affiant stated that he had examined the criminal record of the defendant and found a prior arrest on a drug charge. The authenticity of the third party story is only one aspect of the affidavit. A well considered analysis in the Brooklyn Law Review (vol. 40, p. 1180), "The Second Circuit Review, 1972–73 Term", on "The Use of Informer Tips in Establishing Probable Cause For Search or Arrest — United States v. Canieso, 470 F. 2d 1224 (2d Cir. 1972)" by Barry M. Goldstein considers that recent case and the underlying United States Supreme Court decisions and concludes (p. 1188) that: "When the tip cannot be made to fit within the *Aguilar* or *Spinelli* standards then the corroboration must involve more than a verification of innocent details. It must provide 'probative indications of criminal activity' consistent with the information suggested in the tip. In such a case probable cause is found to exist, in the totality of the circumstances, when all relevant factors are considered." The Supreme Court decisions in *Aguilar* v. *Texas* (378 U. S. 108) and *Spinelli* v. *United States* (393 U. S. 410) must be read in conjunction with *Jones* v. *United States* (362 U. S. 257) where it was said that an affidavit containing the observations of an undisclosed informant was not to be considered insufficient where there was presented substantial basis for crediting the hearsay (p. 269), and *United States* v. *Harris* (403 U. S. 573), which Judge Eugene R. Canudo in " Crime and the Constitution: Have We Reached the Turning Point? " Brooklyn Law Review (vol. 38, pp. 629, 638) indicates carries the court away from the *Aguilar-Spinelli* rule. The *Harris* case says (p. 583), in the words of the Chief Justice, that " a law enforcement officer's knowledge of a suspect's reputation " is an additional aspect of probative information to be considered. It also finds credibility in an informant's statement made against his own penal interest. In the case at bar, the informant's reliability is thus substantiated by the

fact that he gave a quantity of cocaine to Sergeant Trefcer, which drug allegedly came from the defendant to the named third party to the informant. In sum, the search warrant properly issued, and the totality of the factual statements set forth in the affidavit establish probable cause, and, therefore, the motion to controvert was properly denied, and the judgment should be affirmed.